Argued 3 January, decided 30 January, 1905.

**BROCKWAY v. ROSEBURG.**

79 Pac. 335.

CONSTRUCTION OF CITY CHARTER LIMITING INDEBTEDNESS.

1. A distinction exists between the restriction of a constitution or charter, prohibiting a municipality from "creating" an indebtedness in excess of a stated amount and one providing that the indebtedness "must never exceed" a stated amount, the latter not admitting of any exceptions except liabilities arising from tort: *Grant County* v. *Lake County*, 17 Or. 453; *Wormington* v. *Pierce*, 22 Or. 606; *Burnett* v. *Markley*, 23 Or. 436; *Dorothy* v.

*Pierce,* 27 Or. 373; *Municipal Sec. Co.* v. *Baker County,* 33 Or. 338, and
*Eaton* v. *Minnaugh,* 43 Or. 465, distinguished.

IDEM—CONTRACT TO PAY IN "VALID WARRANTS."

2. A contract to pay an obligation in "valid warrants" is a contract to
pay from the general revenues of the municipality, unless there is an agree-
ment to look to some special fund, and the amount to be paid is an indebt-
edness within the meaning of a provision that the debts and liabilities
"must never exceed" a stated sum.

From Douglas: HIERO K. HANNA, Judge.

Suit by B. Brockway against the City of Roseburg and others
to enjoin the performance of a contract and for its cancellation.
There was a decree as prayed for and the Roseburg Water &
Light Co. appeals.   Further facts appear in the opinion.

AFFIRMED.

For appellant there was an oral argument by *Mr. Wm. T. Muir*
and *Mr. Geo. E. Chamberlain,* with a brief over the names of
*Wm. T. Muir* and *Andrew M. Crawford,* urging, among others,
these points.

I. Whether the contract in question creates an indebtedness
or a liability, the amount thereof in each case is the same, and is
payable only when earned.   The authorities cited in subdivision
II are equally applicable: *McBean* v. *Fresno,* 112 Cal. 159
(44 Pac. 358, 53 Am. St. Rep. 191, 31 L. R. A. 794); *Hig-
gins* v. *San Diego Water Co.* 118 Cal. 524 (45 Pac. 824, 50 Pac.
670); *East St. Louis* v. *St. Louis Gas Co.* 98 Ill. 415 (38 Am.
Rep. 97); *Valparaiso* v. *Gardner,* 97 Ind. 1 (49 Am. Rep. 416);
*Grant* v. *Davenport,* 36 Iowa, 396; *Smith* v. *Dedham,* 144 Mass.
177 (10 N. E. 782); *Weston* v. *Syracuse,* 17 N. Y. 110.

II. Agreements for future or periodical payments `are not
indebtedness until service for the particular period has been
furnished.   The indebtedness is conditional upon performance:
*Sackett* v. *New Albany,* 88 Ind. 476, 479 (45 Am. Rep. 467);
*Valparaiso* v. *Gardner,* 97 Ind. 1 (49 Am. Rep. 416); *Crowder* v.
*Town of Sullivan,* 128 Ind. 486 (13 L. R. A. 647, 28 N. E. 94);
*Foland* v. *Town of Frankton,* 142 Ind. 546 (41 N. E. 1031);
*Laporte* v. *Gamewell Fire Alarm Tel. Co.* 146 Ind. 466 (45 N. E.
588, 35 L. R. A. 686, 58 Am. St. Rep. 359); *Walla Walla Water
Co.* v. *Walla Walla,* 60 Fed. 957; *Kiehl* v. *South Bend,* 76 Fed.
921 (36 L. R. A. 228, 22 C. C. A. 618); *Fidelity T. & G. Co.* v.

*Fowler,* 113 Fed. 560; *Walla Walla Water Co.* v. *Walla Walla,* 172 U. S. 1 (19 Sup. Ct. 78); *State* v. *McCauley,* 15 Cal. 430; *People* v. *Pacheco,* 27 Cal. 176; *Rome* v. *McWilliams,* 67 Ga. 106; *New Orleans Gas Light Co.* v. *New Orleans,* 42 La. Ann 188 (7 So. 559); *Wood* v. *Partridge,* 11 Mass. 488; *Smith* v. *Dedham,* 144 Mass. 177, 180 (10 N. E. 782); *Dively* v. *Cedar Falls,* 27 Iowa, 227; *Grant* v. *Davenport,* 36 Iowa, 396; *French* v. *Burlington,* 42 Iowa, 614; *Creston Water Works Co.* v. *Creston,* 101 Iowa, 687, 699 (70 N. W. 739); *Capital City Water Co.* v. *Montgomery,* 92 Ala. 366 (9 So. 343); *Utica Water Works* v. *Utica,* 31 Hun, 426; *Saleno* v. *Neosho,* 127 Mo. 627, 640 (30 S. W. 190, 27 L. R. A. 769); *Wade* v. *Oakmont,* 165 Pa. 479, 488 (30 Atl. 959, 962); *Deitzinger* v. *Tamaqua,* 187 Pa. 539 (41 Atl. 454); *Fenton* v. *Blair,* 11 Utah, 78, 86 (39 Pac. 485); *Ludington Water Supply Co.* v. *Ludington,* 119 Mich. 480 (78 N. W. 588); *Territory* v. *Oklahoma City,* 2 Okl. 158; *Stedman* v. *Berlin,* 97 Wis. 505 (73 N. W. 57); Dillon, Mun. Corp. (4 ed.), § 136a.

III. It is not necessary that a special fund (when one is required to be established) should be created prior to or contemporaneously with the execution of the contract: *Faulkner* v. *Seattle,* 19 Wash. 320 (53 Pac. 365); *Winston* v. *Fort Worth,* 47 S. W. 740; *Lincoln Land Co.* v. *Grant,* 57 Neb. 70 (77 N. W. 349); *Defiance Water Co.* v. *Defiance,* 90 Fed. 753; 20 Am. & Eng. Enc. Law (2 ed.), 1174.

IV. If the agreement to pay in warrants is not valid, the contract is not vitiated thereby. The city may pay in cash. The expenditure of the revenues of the city is within the discretion of the city: *Atlantic City Water Co.* v. *Atlantic City,* 48 N. J. L. 378 (6 Atl. 24); *Faulkner* v. *Seattle,* 19 Wash. 320 (53 Pac. 365); *Hitchcock* v. *Galveston,* 96 U. S. 341, 349; *United States* v. *Fort Scott,* 99 U. S. 159; *Chapman* v. *County of Douglas,* 107 U. S. 357; *Fort Worth* v. *Smith,* 151 U. S. 302; *Babcock* v. *Goodrich,* 47 Cal. 488; *Wade* v. *Oakmont,* 165 Pa. 479 (30 Atl. 959, 962).

V. The agreement to pay in warrants is valid. The contract provides that the city shall pay the installments as they accrue

in valid warrants. If warrants drawn upon the general fund are not valid, the contractual obligation of the city is to pay in valid warrants, that is with warrants drawn upon a special fund. This involves the creation of a special fund upon which the warrants are to be drawn, and dispenses with any suggestion of an indebtedness: *Faulkner* v. *Seattle,* 19 Wash. 320 (53 Pac. 365) ; *Graham* v. *Spokane,* 19 Wash. 447 (53 Pac. 714) ; *Hitchcock* v. *Galveston,* 96 U. S. 314-350; *Babcock* v. *Goodrich,* 47 Cal. 488, 489.

Conceding for the purpose of the statement that the city might so proceed or attempt to so proceed as to vitiate the contract, nevertheless the city cannot avoid its contract by any such methods. If there is a way in which the city can lawfully proceed or can be compelled to lawfully proceed by the person with whom it contracted, the contract will not be invalidated. If the contract would create an indebtedness beyond the limitation by issuing general fund warrants, it will be enjoined from issuing such warrants. By this method the city will be required to perform its contractual obligations. There ought to be civic as well as private integrity.

For respondent there was an oral argument by *Mr. Dexter Rice* and *Mr. Frank Williamson Benson,* with a brief to this effect:

1. An individual taxpayer may maintain a suit to enjoin the illegal diversion of public funds or property: *Burness* v. *Multnomah County,* 37 Or. 460 (60 Pac. 1005) ; *Crampton* v. *Zabriskie,* 101 U. S. 1070.

2. Equity will at the suit of a taxpayer restrain the council from proceeding in the matter when it is not exercising its discretion, but is arbitrarily wasting the public funds, since such conduct is a gross and manifest abuse of power amounting to a legal fraud on the taxpayer: *Avery* v. *Job,* 25 Or. 512 (36 Pac. 293).

3. Where the indebtedness of a municipality has reached the prescribed limit it cannot enter into a contract for the supply of light for a fixed annual sum if no steps are taken to raise by taxation the necessary money to meet the liability as it accrues: *Salem Water Co.* v. *Salem,* 5 Or. 30; *Eaton* v. *Mimnaugh,* 43

Or. 465 (73 Pac. 754) ; *Fulton* v. *Chicago,* 89 Ill. 282; *Prince* v. *Quincy,* 105 Ill. 138 (44 Am. Rep. 785) ; *Prince* v. *Quincy,* 128 Ill. 443 (21 N. E. 768) ; *State* v. *Atlantic City,* 49 N. J. L. (17 Am. & Eng. Corp. Cas. 592) ; *Davenport* v. *Kleinschmidt,* 6 Mont. 502 (13 Pac. 249, 16 Am. & Eng. Corp. Cas. 301) ; 15 Am. & Eng. Enc. Law (1 ed.), 1128; 1 Dillon, Munic. Corp., § 55.

4. It is generally held that the prohibition against the creation of indebtedness beyond a certain amount extends to and embraces debts incurred to be paid on a future date as well as those payable at once: *Salem Water Co.* v. *Salem,* 5 Or. 29; *Law* v. *People,* 87 Ill. 385; *Davenport* v. *Kleinschmidt,* 6 Mont. 502 (16 Am. & Eng. Corp. Cas. 301, 13 Pac. 249) ; *Wallace* v. *San Jose,* 29 Cal. 180; *Niles Water Works* v. *Niles,* 59 Mich. 311 ; 15 Am. & Eng. Enc. Law (1 ed.), 1130.

MR. JUSTICE BEAN delivered the opinion of the court.

1. This is a suit by a resident and taxpayer of the City of Roseburg to cancel and annul a contract between the city and the defendant, the Roseburg Water & Light Co., by which the city agreed to pay the latter for supplying it with light from January 1, 1902, to December 31, 1911, $125 a month, in "valid warrants," on the ground that the contract is illegal and void because it creates an indebtedness or liability against the city in excess of the limitation contained in its charter, without making any special provision for meeting the monthly payments as they become due. The charter adopted in 1895 provides in section 33, subd. 34, that the city "shall not create any debts or liabilities which together in the aggregate shall exceed five thousand ($5,000) dollars, which indebtedness is hereby authorized," and, by section 133, that, except certain specified obligations, the indebtedness of the city "must never exceed in the aggregate ten thousand dollars": Laws 1895, pp. 523, 533, 553. The latter section was amended in 1901 (page 41) so as to reduce the limitation from ten to five thousand dollars, so that, at the time the contract between the city and the defendant light company was made, the charter provided that the indebtedness of the city, except certain specified indebtedness, "must never exceed in the

aggregate five thousand dollars." These several provisions of the charter are a limitation upon the power of the municipality to become indebted. They were inserted in obedience to the requirements of the constitution (Art. XI, § 5), and are for the benefit and protection of the taxpayer, by requiring the municipal authorities to conduct its affairs substantially within the current revenues. The state constitution prohibits a county from "creating" an indebtedness in excess of a certain amount, and does not apply to involuntary indebtedness thrust upon it by operation of law: *Grant County* v. *Lake County*, 17 Or. 453 (21 Pac. 447) ; *Burnett* v. *Markley*, 23 Or. 436 (31 Pac. 1050) ; *Municipal Security Co.* v. *Baker County*, 33 Or. 338 (54 Pac. 174). But the language of the restrictive clause in the charter of Roseburg is that the indebtedness of the municipality "must never exceed" a certain amount, and the uniform holding of the courts is that any liability not arising from tort, by virtue of which the municipality is required to pay money, is within a prohibition of that kind, and void, if in violation thereof, without regard to the purpose for which it was incurred or contracted : 20 Am. & Eng. Enc. Law (2 ed.), 1172 ; *Eaton* v. *Mimnaugh*, 43 Or. 465 (73 Pac. 754), and authorities cited.

The aggregate amount to be paid under the contract between the City of Roseburg and the defendant corporation is $15,000, and at the time it was made the city was indebted over and above the cash on hand, not including the excepted indebtedness, in the sum of about $14,000, evidenced by divers and sundry outstanding warrants issued from time to time since June, 1898, and presented to the treasurer, and indorsed, "Not paid for want of funds." Under these facts, the contract is clearly void, within the doctrine of this court in *Salem Water Co.* v. *Salem*, 5 Or. 29. That was an action to recover a quarterly installment alleged to be due the water company under a contract for supplying the city with water for seventeen years at the rate of $1,800 a year, payable quarterly. The charter prohibited the city from contracting "any debts or liabilities which either singly or in the aggregate exceeded the sum of $1,000," and the court held that the contract created a present obligation on the part of the city to pay money

amounting in the aggregate to the sum of $30,600 to the water
company at future periods, and was therefore void, under the
charter, inasmuch as no provision was made for the payment of
the installments as they became due.   The fact that the contract
provided for a yearly rate of $1,800—an amount in excess of
the.indebtedness limitation in the charter—does not distinguish
the case from the one in hand, because the payments were to
be made quarterly, and in amounts less than the indebtedness
clause.    Unless, therefore, the contract, in the opinion of the
court, created a debt or liability in excess of the quarterly pay-
ments, it would not have been held void.   Throughout the entire
opinion the court proceeds upon the theory that the contract
created a debt or liability against the city in violation of its char-
ter, because the aggregate amount to·be paid to the water com-
pany thereunder was in excess of the power of the city to contract.
It is argued with much force that the decision is not in harmony
with modern authorities, and that the better doctrine, and the
one supported by the great weight of authority, now is that a
municipality may contract for a term of years for light, water,
gas, and the like, at an annual or periodical rental, notwithstand-
ing the aggregate amount to be paid during the life of the con-
tract may exceed the amount of the indebtedness limitation in
the charter.    This rule proceeds on the theory that under such
a contract there is in fact no debt until the services are rendered,
and the amount to be paid becomes due: *Walla Walla City* v.
*Walla Walla Water Co.* 172 U. S. 1 (19 Sup. Ct. 77, 43 L. Ed.
341) ; *Valparaiso* v. *Gardner,* 97 Ind. 1 (49 Am. Rep. 416) ;
*McBean* v. *City of Fresno,* 112 Cal. 159 (44 Pac. 358, 31 L. R. A.
794, 53 Am. St. Rep. 191) ; *East St. Louis* v. *East St. Louis G.
& C. Co.* 98 Ill. 415 (38 Am. Rep. 97).   In all these cases, how-
ever, it is either stated or clearly intimated that a contract as
suggested is void unless the municipality can make the payments
as they become due without exceeding its charter limits.   At the
time the contract now in suit was made, the City of Roseburg
.was indebted in a sum largely in excess of its charter limits, and
therefore it could not issue a warrant in payment of the first
month's rent without exceeding the limit of its indebtedness, and

hence the contract would be void under the doctrine invoked: *Prince* v. *City of Quincy,* 128 Ill. 443 (21 N. E. 768). It is therefore unnecessary to consider at this time whether the Salem Water Company Case should be overruled.

2. A claim is also made that, since the contract between the city and the defendant corporation provides that the monthly payments shall be made in "valid warrants," it contemplates that the city will provide a special fund for the payment of the warrants as issued, and therefore they are not to be considered as an indebtedness, within the meaning of its charter. Under the contract the monthly payments were to be made in warrants, and they would be no less the debt or obligation of the city when issued because the contract stipulated that they should be valid, than if it made no such provision. In either event, they would be the general obligation and debt of the city, to be paid out of money arising from taxation, or from other revenues applicable to such purposes. In *Eaton* v. *Mimnaugh,* 43 Or. 465 (73 Pac. 754), the act of the legislature under consideration required Union County to build a courthouse, and to levy a tax annually for five years for the payment thereof. The court held that the obligation thus sought to be imposed would nevertheless be the debt of the county, and void under the constitution. As suggested in that case, there are decisions holding that where, at the time a contract is made by a municipality, a fund on hand is appropriated for its payment, or where a fund has been provided for such payment, although not collected, or an appropriation has been made of an anticipated revenue, and the contract is made payable out of such fund or revenue, it does not create an indebtedness, within the meaning of the constitution or charter. In such case there is no general liability against the municipality, but the holder of the warrant or other contracting party agrees to look to the special fund for payment. There is no such provision in the contract before us, and certainly none can be inferred.

And finally, it is claimed that the contract sought to be avoided is in fact a mere modification of a previous contract between the city and the predecessor in interest of the defendant company,

made some years before. Such a defense is pleaded in the answer, but it is not, we think, sustained by the evidence. The present contract makes no reference to the former, and does not appear to be a modification or change thereof. It is a separate and independent contract, with different terms, provisions, and duration, and its validity must be determined by the conditions at the time it was made.

It follows that the judgment of the court below must be affirmed, and it is so ordered.                      AFFIRMED.