Argued June 30; reversed July 14, 1931.

BREWSTER *v.* DESCHUTES COUNTY ET AL.

(1 P. (2d) 607)

*George H. Brewster,* of Redmond, for appellant.
*R. B. Parsons,* of Bend, for respondents.

ROSSMAN, J. The only pleadings which were filed in this suit are the complaint and the answer. Since disposition was made of the suit, upon a motion for judgment upon the pleadings, no evidence whatever was received. We shall therefore proceed to state the contents of the pleadings. The complaint, having described the plaintiff as the owner of real property and a taxpayer in the city of Redmond, Deschutes county, Oregon, alleges that Deschutes county is a regularly organized county of which the defendant city of Bend, a municipal corporation, is the county seat. It alleges that three of the defendants, De-Armond, Peck and Whitlock, constitute the county court of Deschutes county; that the defendants, Gove, Hosch and Gilbert, are the city commission of the city of Bend; that, since 1917, Deschutes county, owing to its lack of a courthouse, has been compelled to rent quarters for the use of its officers and employees in the administration of the affairs of the county; that the lease upon the space now occupied by the county officials will expire December 1, 1931, and that it exacts a monthly rental of $1,049. The complaint likewise alleges that the city of Bend does not own the office space used by its officials and is also compelled to pay rent. The complaint next alleges that Deschutes county has issued unpaid warrants to the extent of $160,000 which constitute general obligations of the county. We now quote from the complaint:

"That the aforesaid city commission, acting for the city of Bend, and being desirous of obtaining quarters

for the housing of the various officers and functions of said city, and said county, have entered into negotiations with the defendant, Phil Brooks, wherein and whereby it is proposed that the aforesaid Phil Brooks construct a building on lands now owned by the city of Bend, and proposes to rent said building to said city and county, jointly, at a rental approximating $750 per month, of which the city of Bend will pay three-tenths of said rental and Deschutes county will pay seven-tenths of said rental; said rentals to be paid by said city and county to be in proportion to the actual space occupied and used by each of the respective governments; that it is proposed that said city and county shall enter into a contract and lease with the said Phil Brooks for a term of seventeen and one-half years, said contract to contain an option for the purchase of said property, all rentals paid to apply on the purchase price in case the option to purchase is exercised and said option to purchase shall be exercised by the payment of all the reserve rentals; that the aforesaid city and county have adopted said plan, have called for plans and specifications for the aforesaid building, and are threatening to and will, unless restrained by order of court, enter into the aforesaid contract * * *; that said contract is unlawful in that Deschutes county has at present voluntary obligations and liabilities in excess of the sum of $5,000 and that said contract, together with previous debts and liabilities, will exceed the sum of $5,000 * * *; that plaintiff has demanded of defendants and all of them, that they desist from the plan and proposal to build * * *, but that the defendants and each and all of them have refused to desist, and continue with their unlawful attempts and plan to enter into said contract.''

The answer admits all of the foregoing recitals of the complaint except the allegation that the proposed contract is an unlawful one and conflicts with provisions of the Oregon constitution. The latter allegation it denies. These admissions and denials are followed

with allegations that the present quarters occupied by the county for the conduct of its business are unsuitable and insanitary; that the lease upon the aforementioned quarters will expire December 1, 1931, and that a necessity exists for obtaining other quarters; that if the proposed lease mentioned in the complaint is executed Deschutes county and the city of Bend will effect a saving of more than $600 per month upon the sums paid by them as rentals, and secure quarters better adapted for their use; and that, if the defendants are permitted to enter into the contract proposed by the defendant Phil Brooks, the rental will be paid from county revenue derived from the annual levy of taxes.

Article XI, section 10, Oregon Constitution (p. 176, Oregon Code 1930), provides: "No county shall create any debt or liabilities which shall singly or in the aggregate, with previous debts or liabilities, exceed the sum of $5,000 except to * * *." It will be observed from the recitals of the complaint which we have quoted above that the only reason assigned by the plaintiff for his contention that the proposed lease is invalid is an averred conflict between it and the above quoted section of our constitution. Sections 27-118 and 27-119 provide as follows:

"The county court or county commissioners of any county in the state of Oregon, and the city council or governing body of any city or town therein, are empowered and authorized to enter into contracts for leasing or rental, or for the purchase of any real property in the state of Oregon, which, in the judgment of said bodies, may be necessary for the proper and convenient housing of the officers, or the conducting of the business of said bodies. Said leases or contracts, if made by a city or town, shall be made subject to the terms of the charter thereof.

"Said contracts or rentals may be construed to include contracts for the rental thereof on long time leases under an optional contract for purchase."

■■ The plaintiff contends that since the total rental exacted by the proposed lease exceeds the sum of $5,000 the lease will be invalid. We are, therefore, called upon to determine whether the rent payable under the provisions of the lease from time to time will constitute a debt or a liability within the contemplation of the above section of our constitution. In the early case of *Salem Water Co. v. City of Salem,* 5 Or. 29, this court held that a contract, extending over a period of seventeen years, which required the city of Salem to pay $1,800 per annum in quarterly instalments to the water company for water supplied to the city, conflicted with the following provision of the charter of the city: "The city council shall not in any manner create any debt or liabilities which shall singly, or in the aggregate, exceed the sum of $1,000." The decision pointed out: "The words 'any debt or liabilities,' as used in the charter, are general and may include any kind of debt or liability, either absolute or contingent, express or implied. A debt exists against the city whenever it agrees to pay money in return for services performed, or as in this case for water furnished for the use of the city * * *. The moment the contract was made it created a present obligation on the part of the city to pay money to the company at future periods. Now, whether this obligation can be called a debt in the technical sense or not, it is at least a liability." After the court reviewed many adjudications of other courts, including *Coulson v. The City of Portland,* 1 Deady 481, 6 Fed. Cas. 629, it announced its conclusion thus: "As to the prohibitory clause of the charter, its object was to compel the common council to conduct

the financial operations of the city upon a cash basis, and thus prevent its present and future resources from being encumbered and pledged for a city debt in any sum greater than the amount mentioned in the limitation. And, as in our opinion the ordinance upon which this action is based did create a liability against the city which exceeds the limitation, it must be regarded as a contract directly prohibited by the charter, and therefore void." In *Coulson v. City of Portland,* supra, Judge Deady, Federal Judge for this district, held that an ordinance assuming a liability of $350,000 to be paid in semi-annual instalments in the course of twenty years was invalid on account of its conflict with a provision of the charter of the city of Portland which prohibited the city from contracting an indebtedness exceeding $50,000, although the ordinance assuming the indebtedness made provision for the payment of all instalments by levies of taxes. The court pointed out: "There is no magic in the legislative formula, 'There is hereby appropriated.' " In *Brockway v. Roseburg,* 46 Or. 77 (79 P. 335), this court held that a contract between the city of Roseburg and the Roseburg Water & Light Company by which the city agreed to pay the latter for supplying it with light from January 1, 1902, to December 31, 1911, $125 per month was invalid because it created an indebtedness against the city in excess of the limitations of the charter which provided that the indebtedness of the city "must never exceed in the aggregate $5,000." At the time the contract was signed the city was indebted over and above the cash on hand in the sum of $14,000. The contract above mentioned required the payment by the city of the aggregate sum of $15,000. In announcing the conclusion of this court, Mr. Justice BEAN, as its spokesman, said: "These several provisions of the charter are a

limitation upon the power of the municipality to become indebted. They were inserted in obedience to the requirements of the constitution (art. XI, § 5) and are for the benefit and protection of the taxpayer, by requiring the municipal authorities to conduct its affairs substantially within the current revenues.'' The decision reviews at length *Salem Water Co. v. City of Salem,* supra, and points out: ·''The fact that the contract provided for a yearly rate of $1,800—an amount in excess of the indebtedness limitation in the charter —does not distinguish the case from the one in hand, because the payments were to be made quarterly, and in amounts less than the indebtedness clause. Unless, therefore, the contract, in the opinion of the court, created a debt or liability in excess of the quarterly payments, it would not have been held void. Throughout the entire opinion the court proceeds upon the theory that the contract created a debt or liability against the city in violation of its charter, because the aggregate amount to be paid to the water company thereunder was in excess of the power of the city to contract.'' Thus it will be observed that in determining the amount of the debt or liability the aggregate sum and not the particular instalment is the decisive factor. In both of the above decisions this court reviewed many of the authorities of the various courts and considered carefully the principles involved in an endeavor to determine what debts and liabilities come within the contemplation of the words of the constitution. In *Brockway v. Roseburg* an argument was advanced that the decision in *Salem Water Co. v. City of Salem* was not in harmony with the weight of authority and that under contracts which require payment in instalments for services rendered in instalments no debt arises until the services are rendered.

The argument, however, did not cause the court to depart from *Salem Water Co. v. City of Salem* and, after citing the cases which the appellant contended represented the weight of authority, the decision stated: "In all those cases, however, it is either stated or clearly intimated that a contract as suggested is void unless the municipality can make the payments as they become due without exceeding its charter limits. At the time the contract now in suit was made, the city of Roseburg was indebted in a sum largely in excess of its charter limits, and, therefore, it could not issue a warrant in payment of the first month's rent without exceeding the limit of its indebtedness, and hence the contract would be void under the doctrine invoked."

No language emanating from this court subsequent to the two foregoing decisions casts any doubt whatever upon their authority except the following words taken from *City of Joseph v. Joseph Water Works Co.*, 57 Or. 586 (111 P. 864, 112 P. 1083): "A municipal corporation may contract for a future supply of water necessary for the city's needs and stipulate for the payment of an annual rental, as the water is furnished, notwithstanding the aggregate of such payments, during the life of the contract, may exceed the amount limited by the charter." The language just quoted was apparently dictum, and is followed by a citation of *Walla Walla City v. Walla Walla Water Co.*, 172 U. S. 1 (19 S. Ct. 77, 43 L. Ed. 341), but makes no mention of our earlier decision, *Salem Water Co. v. City of Salem,* and *Brockway v. Roseburg,* although the former case is cited by the Federal Supreme Court in its decision; hence, we assume that our two earlier cases were overlooked when the above words were written in *City of Joseph v. Joseph Water Works Co. Salem Water Co. v. City of Salem* and

*Coulson v. Portland* are cited with approval in *Murphy v. East Portland,* 42 Fed. 308, another decision by the Federal Court for this district.

The wisdom of our earlier decisions has not been questioned by the respondents; in fact, those cases are not mentioned in their brief. Due to the importance of the subject, however, we have again examined carefully the principles involved and have read many of the decisions written since our earlier ones. We remain satisfied with the definitions placed upon the words "debt" and "liabilities" in *Salem Water Co. v. City of Salem,* and in *Brockway v. Roseburg.* The vast indebtedness which has accumulated upon almost all tax-levying bodies, and which has now become a source of almost universal complaint, is a powerful argument in support of the wisdom of our earlier decisions. We conclude that the proposed lease would incur upon the part of the county a "debt or liabilities" in violation of the above-quoted provision of our constitution. Such being our opinion, sections 27-118 and 27-119 can be of no avail to the defendants.

■ The plaintiff submits that obligations incurred by a county in providing itself with a courthouse are involuntary debts, and after arguing that involuntary debts are not affected by article XI, section 10, of our state constitution, contends that, therefore, the proposed lease will be valid. In *Eaton v. Mimnaugh,* 43 Or. 465 (73 P. 754), this court answered a similar argument thus:

"In no event, and under no possible construction of the Constitution, does it seem that a debt incurred by a county for the building of a new courthouse can be said to be involuntarily incurred. It is the duty of a county to provide offices for its officers, and rooms and accommodations for holding its courts, jails for the confinement of prisoners, and the like. It is as-

sumed, however, that this will be done within the current revenue. The county has authority to levy taxes annually upon all the taxable property within its limits, with which to raise revenue sufficient to pay its expenses (B. & C. Comp., § 3085); and the law and the Constitution contemplate that it will exercise its powers in that respect. If, however, from some cause which could not reasonably have been foreseen or anticipated at the time of the annual levy, it is without sufficient accommodations for the purposes indicated, or means to provide the same, a reasonable indebtedness, temporarily incurred for that purpose, having due regard to the financial condition of the county and its taxable property, might probably be said to be involuntary."

And in *Brix v. Clatsop County*, 46 Or. 223 (80 P. 650), this court held that a contract for the construction of a courthouse by which the county agreed to issue warrants to the contractors for the contract price, payable only out of a special fund to be created by a special tax for a series of years, created a debt against the county in violation of the above section of our state constitution. See also *Municipal Security Co. v. Baker County,* 33 Or. 338 (54 P. 174). Since a contract for the construction of a courthouse creates a debt of the prohibited character, we fail to understand why a contract which places a county into the occupancy of a building for seventeen and one-half years, subject to its payment of rent, at the conclusion of which period the paid rent is deemed payment in full of the purchase price of the structure, should be deemed otherwise. Without undertaking once more to define the meaning of the difficult term "involuntary debt", we state our conclusion that a debt arising out of a contract of the suggested type is fully as voluntary as one which has its inception in the purchase or construction of a courthouse.

■ Finally, it is argued that since the present circuit court room provided by Deschutes county is wholly unsuitable to the demands made upon it, the validity of the proposed contract can be sustained as an effort to meet the needs of the circuit court. Section 28-1708, Oregon Code 1930, authorizes the circuit court judge to order the sheriff of his county to provide the court with suitable quarters whenever such accommodations are lacking. Manifestly the proposed contract is not such an effort.

It follows from the foregoing that the decree of the circuit court is reversed. The suit will be remanded to the court.

BEAN, C. J., RAND, KELLY, CAMPBELL and BROWN, JJ., concur.

BELT, J., absent.